## STATE v. C. A. SMITH TIMBER COMPANY.[1]

March 12, 1909.

Nos. 15,766—(43).

Defendant was cited before the district court for Hennepin county to show cause why it should not pay $825.85, as taxes upon its personal property for the year 1906, and penalty. Defendant's answer alleged the assessment of $29,500 under item 17 was an arbitrary assessment in addition to the regular return of defendant under said item and a portion of the property returned by the defendant. The matter was tried before Brooks, J., who found in favor of the state for the amount claimed. Defendant's motion for a new trial was denied. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*Mead & Robertson*, for appellant.

*Edward T. Young*, Attorney General, *Al. J. Smith*, County Attorney, and *W. C. Leary*, Assistant County Attorney, for the State.

PER CURIAM.

This is an appeal from a judgment entered in an action brought by the state against the C. A. Smith Timber Company for personal property taxes. The trial court found that the defendant, being required by the city assessor of the city of Minneapolis to list its property for taxation for the year 1906, made out and delivered to the assessor a list and schedule of personal property owned by it and in its possession or under its control on the first day of May, 1906, described as "logs, lumber, lath, and shingles in hands of manufacturers," of the value of $300,000. The assessor accepted the list so re-

[1] Reported in 119 N. W. 1135.

turned, and entered in his assessment books, opposite the name of defendant, a description of the property so listed, and an assessment and valuation thereof as therein stated, and the same thereupon became the basis for a tax assessed and levied against the defendant, which has been by it fully paid and discharged. After the listing and assessing was made the assessor, upon a separate list prepared by him, arbitrarily listed for taxation for that year, as the property of the defendant and in its possession or control on the first day of May, 1906, certain property of the defendant, described as "logs, lumber, lath, and shingles in the hands of manufacturers," and arbitrarily valued and assessed the same at the value of $29,500. This arbitrary assessment was the basis for the tax sought to be enforced in the proceeding, which tax, with penalties thereon, amounted to $825.85. This arbitrary listing and assessment was made by a deputy city assessor by the direction of the city assessor, and so far as the evidence shows the city assessor directed such assessment in the belief that the previous listing and assessment was incomplete and inaccurate to the extent of such arbitrary assessment. The true and full value of all logs owned by the C. A. Smith Timber Company and in its possession or under its control on May 1, 1906, which were subject to assessment and taxation in the city of Minneapolis, was upwards of $765,000, or more than twice the aggregate sum at which the same were assessed in said year, and the said arbitrary assessment was in no sense illegal, erroneous, or unjust. Upon these findings the court ordered judgment for the state.

The defendant moved to amend the findings, so as to make it appear that the original value of $300,000 was fixed by the assessor, instead of by the defendant, in the list and schedule, and to find that the logs and lumber assessed at $29,500 were part of the property originally assessed as returned by the defendant and valued at $300,000. The court declined to change or amend the findings, and the original finding must stand, if sustained by the evidence. The appellant's contention is that the logs covered by the second or arbitrary assessment were included in the first assessment, and that the same property has been assessed twice, while the trial court held that the arbitrary assessment was made by the assessor in the belief that the previous listing and assessment was incomplete and inaccurate to the extent of the amount of the arbitrary assessment. It thus appears that appellant complains that the court has found against it on a question of fact, and that no principle of law is involved. We find no evidence in the record which would require the court to find that the arbitrary assessment was a duplication, or that it was other than as found by the trial court, and therefore affirm the judgment.